Dear Sheriff Ficklin:
This office is in receipt of your request for an Attorney General's Opinion regarding certain outstanding balances in the Sheriff's Bond and Civil Funds, namely amounts for which there are no records to indicate to whom the money is owed. It is our understanding that the monies in question represent various bond and civil fees collected by the Sheriff's office on behalf of the Sheriff, as well as on behalf of other agencies. Specifically, with respect to these funds, you pose the following question:
 "If there can be no determination as to whom the money is owed, will it be legal to direct the money to our general fund?"
LSA-R.S. 9:151 through 9:181, Louisiana's Uniform Unclaimed Property Act of 1997 ("LUUPA"), provides for the proper disposition of the monies in question. In accordance with LSA-R.S. 9:153 thereof:
 "A. Property is presumed abandoned if it is unclaimed by the apparent owner during the time set forth below for the particular property for the following:
* * *
 (10) Property held by a court, state or other government, governmental subdivision or agency, public corporation, or other public authority, one year after the property becomes distributable, except as provided in R.S. 15:86.1."
We also direct your attention to LSA-R.S. 9:159, which requires a holder of "property presumed abandoned" to make a report to the state treasurer, as LUUPA administrator, concerning such property. In accordance with LSA-R.S. 9:160, upon the filing of such a report:
 "the holder of property presumed abandoned shall pay, transfer, or cause to be paid or transferred to the administrator the property described in the report as unclaimed"
In accordance with the above, it is the opinion of this office that the disposition of bond and civil fees collected by your office and placed in the Sheriff's Bond and Civil Funds, in instances where there are no records to indicate to whom the money is owed, is governed by LUUPA. Accordingly, it is our advice that your office prepare the report(s) referred to in LSA-R.S. 9:159
and pay over to the treasurer, as LUUPA administrator, the funds in question.
Please note that in reaching our determination herein, we have relied upon the advice of your office that the funds in question are actually undistributed bond and civil fees. The proper characterization of the funds as `fees' is relevant, in light of the provisions of LSA-R.S. 15:86.1, which provision of law is referred to in LSA-R.S. 9:153(10). LSA-R.S. 15:86.1 pertinently provides, with respect to the sheriffs of most parishes within the state, including St. Helena:
 "Notwithstanding any other provision of law to the contrary, any sheriff having possession or control of cash bail bonds which have been discharged and which remain unclaimed for more than three years, shall deposit the same into the general fund of the sheriff, and thereafter the sheriff shall assume liability therefor."
In accordance with LSA-R.S. 15:86.1, as recognized by LSA-R.S.9:153(10), if any of the funds in question are "cash bail bonds which have been discharged and remain unclaimed for more than three years", those particular funds should not be turned over to the treasurer for disposition under LUUPA, but should instead be deposited into your general fund.
We trust the foregoing to be helpful. Should you need assistance in other areas of the law, please do not hesitate to contact this office.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam